■ GUSTAVE BARNETT, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [835 NYS2d 183]— Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 13, 2006, which, to the extent appealed from, denied so much of defendants' motion for summary judgment as sought dismissal of plaintiff's negligence claim, unanimously affirmed, without costs.

Under New Jersey case law, which the parties agree controls, the question whether a defendant owes a duty to a plaintiff in tort turns on numerous factors, including the foreseeability of the risk, the parties' relationship (which in this context necessarily entails defendants' observation of existing conditions and the actual performance of the work undertaken by the workers at the site), and the extent to which defendants had the opportunity and capacity to avoid the risk of harm (*see Carvalho v Toll Bros. & Devs.*, 143 NJ 565, 572-576, 675 A2d 209, 212-214 [1996]). Here, there is indeed "a sufficient connection between the engineer's contractual responsibilities and the condition and activities on the work site that created the unreasonable risk of serious injury" (143 NJ at 577, 675 A2d at 215). Whether or not defendants breached the resulting duty, and whether or not that breach was a proximate cause of plaintiff's injuries, are questions of fact.

We have considered and rejected defendants' remaining arguments. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON LENDEBORG, Appellant. [835 NYS2d 522]—Judgment, Supreme Court, New York County (Bonnie Wittner, J., at plea; Ronald Zweibel, J., at sentence), rendered on or about April 7, 2006, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.